IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYREA KINTE HICKS,

    Petitioner,                    No. 2:11-cv-02009 MCE DAD P

    vs.

JAMES A. YATES,                  ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

                                    /

          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a Sacramento County Superior Court jury on charges of possession of a firearm and possession of ammunition by a felon. He was sentenced to twenty-five years to life imprisonment with the possibility of parole. Petitioner raises the following four claims in his federal habeas petition pending before this court: (1) he was subjected to an unreasonable search and seizure without a warrant; (2) he was denied a fair trial when the prosecution exercised challenges on three prospective jurors who are the same race as petitioner; (3) the trial court abused its discretion when it refused to strike any of his prior convictions from consideration under California's Three-Strikes Law; and (4) his Three-Strikes Law sentence violates the Eighth Amendment. Respondent has filed a motion to dismiss the pending petition as untimely under the applicable statute of limitations, or alternatively, as a

1

mixed petition. For the reasons set forth below, the court concludes that respondent's motion to dismiss the petition as untimely should be granted.

## PROCEDURAL HISTORY

**I. State Court Proceedings**

On September 2, 2008, a Sacramento County Superior Court jury found petitioner guilty of being a convicted felon in possession of a firearm and ammunition. The jury also found that petitioner had suffered four prior serious felony convictions. (Lod. Doc.[1] 1-2.) Thereafter, petitioner was sentenced, pursuant to California's Three-Strikes Law, to a state prison term of twenty-five years to life with the possibility of parole. (Id.)

Petitioner appealed from his judgment of conviction. On December 17, 2009, the California Court of Appeal for the Third Appellate District modified the judgment of conviction so as to stay imposition of the sentence on the possession of ammunition count. (Lod. Doc. 2.) The judgment was otherwise affirmed as modified. (Id.)

On January 19, 2010, petitioner filed a petition for review with the California Supreme Court. (Lod. Doc. 3.) On February 24, 2010, that petition for review was summarily denied. (Lod. Doc. 4.)

Petitioner did not file any post-conviction collateral challenges to the judgment in state court.

**II. Federal Proceedings**

Petitioner's federal petition for writ of habeas corpus was signed on June 3, 2011. (Doc. No. 1 at 15.) His proof of service also indicates that on June 3, 2011, petitioner delivered his federal petition and application to proceed in forma pauperis to prison officials at Pleasant Valley State Prison for mailing to this court. (Id. at 62.) The habeas petition, however, was not received and filed by this court until July 29, 2011.

---

[1] Respondent lodged documents with the court on June 6, 2012.

**STATUTE OF LIMITATIONS UNDER AEDPA**

Petitioner filed his federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. More specifically, 28 U.S.C. § 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court. The statute of limitations is not tolled during the interval between the date on which a judgement of conviction becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that period. See Porter v.

1   Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes
2   final and the filing of a state habeas petition is not tolled[.]"); Raspberry v. Garcia, 448 F.3d
3   1150, 1153 n.1 (9th Cir. 2006); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state
4   collateral proceedings are commenced, a state habeas petition is "pending" during a full round of
5   review in the state courts, including the time between a lower court decision and the filing of a
6   new petition in a higher court, as long as the intervals between the petitions are "reasonable."
7   Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23
8   (2002)); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.), cert. denied, ___U.S.___,132 S. Ct.
9   554 (2011); Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

## PARTIES' ARGUMENTS

**I. Respondent's Motion to Dismiss**

Respondent contends that after the California Supreme Court denied the petition for review on February 24, 2010, the time for petitioner to seek direct review of his conviction ended on May 25, 2010, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired.  (Doc. No. 9 at 3.)  Thus, respondent asserts that the statute of limitations for the filing of a federal habeas petition began to run on May 26, 2010, and expired on May 25, 2011.  (Id.)  Since petitioner did not file his federal habeas petition until June 3, 2011, the date the petition was delivered to prison officials for mailing, his petition was untimely by a little over one week.[2]  (Id. at 5.)

/////
/////

---

[2] Respondent also argues that petitioner has filed a mixed petition with this court containing both exhausted and unexhausted claims. (Doc. No. 9 at 5.) Specifically, respondent argues that petitioner's third claim for relief concerning the trial court's abuse of discretion is unexhausted. (Id.) Respondent argues that petitioner must either delete his unexhausted claim or the entire petition must be dismissed. (Id.) Because the court is able to resolve respondent's motion on the basis of the statute of limitations, the court need not address this alternative grounds for dismissal.

4

**II. Petitioner's Opposition**

Petitioner filed his opposition to the pending motion to dismiss on June 28, 2012. (Doc. No. 13.) On August 13, 2012, petitioner filed a duplicate, unsigned copy of his opposition which also included petitioner's declaration and declarations from two other inmates, the latter of which had not previously been submitted by petitioner.[3] The court deems the petitioner's opposition to be the June 28, 2012 submission. However, in the interest of justice, the court has also considered petitioner's own declaration as well as those of the two other inmates. (Doc. No. 16 at 15-18).

In his opposition, petitioner does not dispute that May 25, 2011 was the deadline for his filing of a timely federal habeas petition. (Doc. No. 13 at 6.) Petitioner also acknowledges that he incorrectly thought the deadline for his seeking of federal habeas relief was either June 7, 2011 or June 29, 2011. (Id. at 7.) In this regard, petitioner offers the following explanation. On March 7, 2010, petitioner received a letter from his appellate counsel notifying him of the California Supreme Court's decision denying his petition for review. (Id.) Petitioner believed that the judgment did not become final until 90-days after he received his attorney's letter providing him with notice of that decision, which would be June 7, 2010. (Id.) Based on his mistaken understanding that the judgment of conviction did not become final until June 7, 2010 date, petitioner erroneously believed that the statute of limitations for his filing of a federal habeas petition would be June 7, 2011. (Id.)

Petitioner alternatively explains that a law clerk in the prison law library informed him that the California Supreme Court decision was not final until a remittitur was issued which generally occurred within thirty days after the decision. (Id.) Based on that information, petitioner somehow calculated that the California Supreme Court's decision denying review did

---

[3] This duplicate opposition was filed after the court inadvertently issued an order requiring petitioner to file an opposition and to show cause why sanctions should not be imposed for his failure to file a timely opposition. (Doc. No. 15.) That erroneously issued order to show cause will be discharged.

1  not become final until around March 29, 2010, that his judgment became final ninety-days later
2  on June 29, 2010, and that the one-year statute of limitations for his seeking of federal habeas
3  relief would not expire until June 29, 2011. (Id.) Petitioner contends that he did not rely solely
4  on the advice of the library clerk and that he "adhered to his own calculation" when he provided
5  his federal habeas petition to prison staff for mailing on June 3, 2011, a few days before June 7,
6  2011, the date petitioner believed was the actual deadline based on his own calculations. (Id.)

7        Petitioner also acknowledges that his lack of knowledge about the law is no
8  excuse and does not provide grounds for equitable tolling. (Id.) However, he argues that his
9  delay in filing his federal petition "is/was not SO long as to clearly demonstrate a conscious or
10 intentional disregard for the statutory deadlines[.]" (Id. at 8.) Thus, petitioner contends that his
11 "miscalculation . . . can essentially be characterized or described as 'excusable neglect', based
12 upon 'mistake of [f]act', or a 'good faith' (though mistaken) reliance upon wrong or faulty
13 information." (Id.) Lastly, petitioner asserts that the court has a duty to ensure that his claims
14 are considered on the merits. (Id.)

15       Should the court determine that there is a question as to whether equitable tolling
16 applies, petitioner requests that an evidentiary hearing be conducted. (Id. at 8-9.) Petitioner
17 argues that he apparently missed the deadline for seeking federal habeas relief by only nine days
18 "[a]nd while it is not the intent to trivialize, minimize or lessen the lapse or the fact of the lapse
19 (mistake), the 'delay' here, when it is contrasted against unreasonable, unnatural, substantial
20 and/or unexplained delays, it becomes readily evident that Petitioners [sic] 'delay" pales in
21 comparison." (Id. at 9.)

22       Petitioner has also presented a declaration from inmate Henry Vaughan who
23 explains that in May/June 2010, he was the inmate law clerk in the C-Facility law library and that
24 he provided petitioner the following information:

25       that the triggering date, would be the date that the/ [sic]
      "Remittitur" was issued in the/his case, and that the "date that he
26       received notice" of the finality of the case, that is the date he

        received notice by/through "mail" would be an alternative date if no Remittitur was issued, and the calculation would be a year and three months from that date[.]

(Id. at 18.)[4]

### III.  Respondent's Reply

Respondent asserts that it is uncontested that petitioner filed no post-conviction collateral challenges, that direct review became final on May 25, 2010, and that petitioner's federal habeas petition, if any, was required to be filed one year later on May 25, 2011 under the applicable statute of limitations.  (Doc. No. 14 at 2.)  As to petitioner's argument that he is entitled to equitable tolling due to his miscalculation of the filing deadline by nine days, respondent argues that such a miscalculation does not provide grounds for equitable tolling.  (Id. at 3.)  Respondent asserts that equitable tolling is appropriate only under extraordinary circumstances in which the filing of a timely petition is rendered impossible and that since an attorney's miscalculation of the statute of limitations does not constitute such an extraordinary circumstances, petitioner's miscalculation also does not qualify as such.  (Id. at 3-4.)  Respondent supports this argument by citation to out-of-circuit decisions in which equitable tolling was denied to petitioner's whose federal habeas petitions were filed only one day late.  (Id. at 3.)  Respondent also argues that neither an evidentiary hearing not a stay and abeyance are appropriate given these uncontested facts.  (Id. at 4.)

### ANALYSIS

### I. When the Judgment Became Final Pursuant to § 2244(d)(1)(A)

Under the AEDPA, a state prisoner such as petitioner, ordinarily must file his federal habeas petition within one-year of the date his process of direct review came to an end.

---

[4] Petitioner also argues that his third claim for federal habeas relief is exhausted because it "is intrinsically linked and inextricably entwined with, and/or an integral part of the remainnng [sic] claims and is thus 'exhausted'." (Doc. No. 13 at 11.)  If the court should find that the claim is unexhausted, petitioner requests a stay and abeyance and if the court cannot grant that, petitioner indicates that he would elect to proceed on his other exhausted claims. (Id.)

1  "Direct review" includes the 90-day period within which a petitioner can file a petition for a writ
2  of certiorari from the United States Supreme Court, whether or not the petitioner actually files
3  such a petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Rose, 188
4  F.3d 1157, 1159 (9th Cir. 1999).
5          The Rules of the U.S. Supreme Court provide the 90-day period to file a writ of
6  certiorari and also explain that "[t]he time to file a petition for a writ of certiorari runs from the
7  date of entry of the judgment or order sought to be reviewed, and not from the issuance date of
8  the mandate (of its equivalent under local practice)." Sup. Ct. R. 13.3.  Thus, the 90-day period
9  for the filing of a petition for a writ of certiorari begins to run from the date the California
10 Supreme Court denies the petition for review, not the date a mandate or remittitur is issued or the
11 date counsel notifies petitioner of the state court decision.  Here, the California Supreme Court
12 denied petitioner's petition for review on February 24, 2010, and the 90-day period to file a
13 petition for a writ of certiorari with the U.S. Supreme Court expired on May 25, 2010.  See
14 Bowen, 188 F.3d at 1158-59.  Petitioner's judgment of conviction became final on May 25,
15 2010, and the deadline for him to file any federal habeas petition expired on May 25, 2011.  See
16 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Since the pending federal habeas
17 petition was not delivered by petitioner to prison officials for filing until June 3, 2011, it is
18 untimely unless petitioner is entitled to equitable tolling of the applicable statute of limitations.
19 **II.  Equitable Tolling**
20          The United States Supreme Court has confirmed that the AEDPA statute of
21 limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___,
22 130 S. Ct. 2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011);
23 Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), cert. denied ___U.S.___, 131 S. Ct. 3039
24 /////
25 /////
26 /////

(2011); Porter v. Ollison, 620 F.3d 952, 959 (9thCir. 2010).[5]  Indeed, because § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling'"  Holland, 130 S. Ct. at 2560 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).  However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court. . . . Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.") (internal quotation marks and citations omitted); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition.  Velasquez, 639 F.3d at 969; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

   Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by, Calderon, 163 F.3d 530; see also Lakey, 633 F.3d at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620 F.3d at 959; Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before

---

[5] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

1  equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564. Whether a party is entitled to
2  equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore,
3  345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.
4  1999)); see also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine
5  whether the facts in this record entitle Holland to equitable tolling, or whether further
6  proceedings, including an evidentiary hearing, might indicate that respondent should prevail");
7  Doe, 661 F.3d at 1012 ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will
8  depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in
9  other similar cases.'") (citing Holland, 130 S. Ct. at 2563).

   Here, petitioner's misunderstandings about when his judgment of conviction became final and when the statute of limitations for his seeking of federal habeas relief began to run, do not constitute "extraordinary circumstances warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d at 1154 (petitioner's ignorance of the law and inability to correctly calculate the limitations period did not provide grounds for equitable tolling); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (petitioner's confusion or ignorance of the law is not an extraordinary circumstance for equitable tolling); Witkin v. Yates, No. CIV S-10-0091 GEB DAD P, 2013 WL 394719, at *7 (E.D. Cal. Jan. 30, 2013) ("[P]etitioner's lack of knowledge of the law, including the AEDPA statute of limitations, is clearly not an extraordinary circumstance that justifies equitable tolling."); Cox v. Small, No. CIV S-09-2135 LKK DAD P, 2010 WL 4289868 at *5 (E.D. Cal. Oct. 22, 2010) ("[I]t is well established that a prisoner's lack of understanding of the law, without more, is not grounds for equitable tolling."), aff'd, 463 Fed. Appx. 661 (9th Cir. 2011), cert. denied, ___U.S.___,133 S. Ct. 440 (2012).[6]

   In addition, to the extent petitioner may have relied on incorrect advice from the clerk at the prison law library that too would not suffice as grounds for the application of

---

[6] Citation to unpublished decisions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir. 2002) (equitable tolling not warranted where petitioner relied on the incorrect advice of his former appellate counsel with respect to when any federal habeas petition was due); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (concluding that miscalculation of the federal habeas limitations period by counsel and counsel's negligence in general does not warrant equitable tolling) see also Reyes-Carreon v. Williams, 399 Fed. Appx. 226, (9th Cir. 2010) (affirming dismissal of petition as untimely despite petitioner's contention that he relied on incorrect advice from an assistant in the prison law library); Alexander v. Schriro, 312 Fed. Appx. 972, 975 (9th Cir. 2009) (holding that petitioner's allegation that he received incorrect legal advice from the prison paralegal in calculating the limitations period does not rise to the level of extraordinary circumstances justifying equitable tolling).[7]

        Finally, the fact that petitioner's pending federal habeas petition was presented for mailing a mere nine days after the one-year statute of limitations had expired, does not by itself provide grounds for equitable tolling.  See Rouse v. Lee, 339 F.3d 238, 253 (4th Cir. 2003) (finding that petitioner was one day late in filing his petition and holding that "[f]ailure to adhere to the AEDPA's precise filing deadlines, however, even by only a few days, would make navigating [the] AEDPA's timetable impossible . . . .  Accordingly, we look not to the length of the delay, but to the reasons for delay in determining whether equitable tolling is appropriate."); Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2004) (reversing district court's granting of a "grace period" and dismissing habeas petition as untimely when it was submitted one day after the statute of limitations had expired); Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) ("We have consistently denied tolling even where the petition was only a few days late"); United States v. Marcello, 212 F.3d 1005, 2010 (7th Cir. 2000) (habeas petition submitted one day late was properly dismissed as untimely under AEDPA); Vigil v. Gipson, No. CV 11-10360 RGK

---

[7] See fn. 6, above.

(JCG), 2012 WL 1163633, at *1 (C.D. Cal. Mar. 13, 2012) ("While one could perhaps be sympathetic to a one-day delay, this Court is obligated to follow the strict mandates of AEDPA, as many other courts have done in similar circumstances for sound reasons."), report and recommendation adopted by 2012 WL 1163133 (C.D. Cal. Apr. 9, 2012).

Here, petitioner has not carried his burden of showing that extraordinary circumstances prevented a timely filing thereby entitling him to equitable tolling of the AEDPA statute of limitations. As to petitioner's request for an evidentiary hearing, because the court finds that there no grounds justifying equitable tolling has been alleged, an evidentiary hearing is unnecessary. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'") (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003) (emphasis added). Therefore, respondent's motion to dismiss should be granted on the grounds that the pending federal petition for a writ of habeas corpus was filed beyond the one-year statute of limitations.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the order to show cause filed on July 19, 2012 (Doc. No. 15) is discharged.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 18, 2012 motion to dismiss (Doc. No. 9) be granted; and

2. This action be dismissed as untimely filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he wishes to file an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 22, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hick2009.mtd